GILLANI CONSULTING INC.,
a Delaware corporation,
Plaintiff—Appellant,

v.

DAEWOO HEAVY INDUSTRIES
AMERICA CORPORATION, a New
York corporation doing business as
Doosan Infracore America Corporation, Defendant—Appellee.

No. 07–35460.

United States Court of Appeals,
Ninth Circuit.

Argued and Submitted Oct. 23, 2008.

Filed Nov. 3, 2008.

Jonathan I. Feil, George A. Purdy, Esquire, Simburg Ketter Sheppard & Purdy, Seattle, WA, for Plaintiff–Appellant.

Rosa Fruehling–Watson, Esquire, Marco Joseph Magnano, Jr., Foster Pepper, PLLC, Seattle, WA, Robert P. Zoller, Esquire, Sterns & Weinroth, Trenton, NJ, for Defendant–Appellee.

Before: SILVERMAN and BERZON, Circuit Judges, and MAHAN,* District Judge.

## MEMORANDUM **

Plaintiff–Appellant Gillani Consulting timely appeals the district court's judgment, following a bench trial, in favor of Defendant–Appellee Daewoo Heavy Industries. Gillani, which had alleged beach of contract and copyright infringement, contends that the district court made incorrect factual findings and applied the wrong legal standards for waiver and estoppel. We affirm the judgment of the district court.

We review the district court's findings of fact following a bench trial for clear error. *Saltarelli v. Bob Baker Group Medical Trust,* 35 F.3d 382, 384 (9th Cir.1994). We review questions of law, including questions of contract interpretation, *de novo. See Milenbach v. Commissioner,* 318 F.3d 924, 930 (9th Cir.2003).

■ 1. The district court's findings describing the 1999 meeting between Daewoo and Gillani's predecessor, HK Systems, were not clearly erroneous. The district court found that during the 1999 meeting, HK's representative told Daewoo that it could not assist Daewoo in its move of the software to an upgraded computer because it no longer supported the version running on Daewoo's machines. The district court further found that HK was unable to supply Daewoo with a "migration path" to its upgraded software and that without such a "migration path," use of HK's upgraded version of the software was not feasible, for two reasons: transfer of the data would be extremely time-consuming and expensive, and Daewoo had customized the software and would have to redo all of the customization programming.[1] Although HK knew that Daewoo was moving the software to another computer, it did not request a license or other fee for the transfer of the software it no longer supported or provided with a feasible upgrade option.

The clear message that emerged from this meeting was that HK intended to waive the transfer restrictions in the license agreement. HK's failure to request a new license fee for use of the software on another computer and its clear indication that it had abandoned support of Daewoo's version of the software for the then-current version evidence an unequivocal intent to waive the transfer restrictions on the outdated version of the software. *See Jones v. Best,* 134 Wash.2d 232, 950 P.2d 1, 6 (1998). Gillani cannot now assert that it had a right to collect a license fee with respect to Daewoo's 2000 transfer of the software to a new computer.

■ 2. Gillani was estopped from asserting a right to new license fees for the

---

* The Honorable James C. Mahan, United States District Judge for the District of Nevada, sitting by designation.

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

1. The district court did not abuse its discretion in limiting Syed Kamal's testimony about the experience of Harps Foods in migrating to the new software. The testimony was not probative of what was said at the meeting between HK and Daewoo.

2001 and 2004 transfers. The district court found that the clear implication of the 1999 meeting was that HK could not assist Daewoo in moving the software to new computers, as it had abandoned support of, and feasible upgrade options for, Daewoo's version of the software, and, so recognizing, would no longer enforce the transfer restrictions on the software. Daewoo had no reason to think that the circumstances giving rise to HK's 1999 position had changed by 2001 or 2004. Daewoo therefore justifiably relied in 2001 and 2004 on HK's representations and conduct during the 1999 meeting and thereafter to conclude that Daewoo remained free to move its obsolete and unsupported version of the software to different computers. *See Silverstreak, Inc. v. Washington State Dep't of Labor and Indus.*, 159 Wash.2d 868, 154 P.3d 891, 901 (2007) ("Equitable estoppel prevents a party from taking a position inconsistent with a previous one where inequitable consequences would result to a party who has justifiably and in good faith relied.").

Gillani's decision in 2004 to insist on payments for Daewoo's transfers in 2001 and 2004 demonstrates a change in position with respect to exercising its rights under the license agreement from the position its predecessor took during the 1999 meeting. The district court did not clearly err in finding that Daewoo expended significant resources in moving the software to new computers in 2001 and 2004 in reliance on HK's conduct. This reliance was reasonable and justifiable given the context and history of the parties' relationship. Gillani is thus estopped from collecting any fees with respect to the 2001 and 2004 transfers. *See Pub. Util. Dist. No. 1 v. Wash. Pub. Power Supply Sys.*, 104 Wash.2d 353, 705 P.2d 1195 (1985) (holding that a party asserting estoppel must show that his reliance was reasonable).

That Gillani reasserted its right to collect a license fee for transfers prior to Daewoo's execution of the 2004 transfer does not alter this result. The district court did not clearly err in finding that, by the time Gillani demanded payment for transfers, Daewoo was already in the process of moving the software, having already purchased upgraded hardware. In expending resources to take significant steps to complete the 2004 transfer prior to receiving Gillani's notice, Daewoo justifiably relied on HK and Gillani's past conduct. Compelling Daewoo to pay a new license fee for the 2004 transfer would be detrimental in light of Daewoo's expenditures. Gillani is therefore estopped from asserting a right to license fees for the 2004 transfer, even though it invoked its right to receive payments prior to the formal execution of the transfer.

■ 3. Gillani's only plausible claim for any fees with respect to the Daewoo's transfers would lie under the license agreement's obsolescence policy, which, if triggered, might entitle Gillani to a "modest Transfer Fee" for each transfer of the software. But Gillani has never contended, either before or during this litigation, that HK's representations during the 1999 meeting triggered the obsolescence policy. Instead, it has vigorously argued that the policy never came into effect. At no point has Gillani contended that it was owed a "modest Transfer Fee" for any of Daewoo's transfers of the software. As such, Gillani cannot now claim an entitlement to these fees. We therefore affirm the district court's judgment in favor of Daewoo on Gillani's breach of contract cause of action.

4. Gillani concedes in its reply brief that there can be no liability for copyright infringement absent a breach of the license agreement. We agree, and because we find no breach of the license agreement,

we affirm the district court's judgment in favor of Daewoo on Gillani's copyright infringement cause of action.

AFFIRMED.

---

* This disposition is not appropriate for publication and is not precedent except as provided